**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | |
|---|---|
| **LARIEL BROWN,**<br><br>***Plaintiff,***<br><br>**vs.**<br><br>**TYRONE OLIVER,** ***et al.*****,**<br><br>***Defendants.*** | **CIVIL ACTION No. 5:21-CV-31-MTT** |

**PROTECTIVE ORDER**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

Having fully considered the matter and for good cause shown, the Court now enters this PROTECTIVE ORDER as set forth below:

Whereas Plaintiff has filed this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated at Macon Regional Youth Detention Center, a Georgia Department of Juvenile Justice ("DJJ") facility; and

Whereas DJJ, a non-party to this action, possesses or has access to certain documents and information deemed pertinent to Plaintiff's claims; and

Whereas the parties may seek additional documents or information; and

Whereas certain of the information or documents (e.g., investigatory records, medical records) may implicate the privacy of juveniles; and

Whereas proceedings in this matter may involve the submission of this

documentation or information to the Court or their publication during discovery;

Now therefore the parties may submit to the Court the documents and information specified above and use such documents and information during discovery in this matter, subject to the following conditions:

1. The parties, any counsel, and any court reporter or videographer hired by any party for purposes of this action are advised that all covered documents and information are to be used solely for the purpose of the litigation of this matter and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Order.

2. The covered documents and information may only be disclosed to the Plaintiff, the Defendant, any duly appointed guardian of the Plaintiff; employees of the DJJ, the attorneys of record in this litigation, any employees of such attorneys as may be necessary, witnesses who are being questioned about or concerning covered documents or information, any expert witness retained by a party, and any court reporter, videographer, or similar person used in the discovery process in this action, except that such disclosure may be made to a person who is already aware of the documents or information (*e.g.*, to a DJJ employee who created the specified document). Any other disclosure to any party, party representative, court reporter, videographer, or expert witness retained by the parties may be made only upon providing notice to those persons of the existence of this protective order. It shall remain the duty of counsel to reasonably ensure that any person to whom the documents or information are disclosed observes the terms of this Order.

3. In the event that a party wishes to file with the Court any covered document or to refer to the documentation or any information derived from the documents in any

affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, such information shall be filed with the Court as restricted documents.

4. The Clerk of Court is directed to maintain as restricted documents all documents, transcripts of deposition testimony, answers to interrogatories, and other submissions filed as restricted documents with the Court in this litigation pursuant to this Order.

5. Within 120 days after conclusion of this litigation and any appeal thereof, the documents covered by this Protective Order and all reproductions of documents covered by this Protective Order shall be destroyed, except as this Court may otherwise order or to the extent such information was used as evidence. It shall be the duty of counsel of any party to ensure that any such destruction occurs by any recognized method in the legal community which would preclude any further or unintended disclosure.

6. This Order shall not bar any attorney in the course of rendering advice or an evaluation of this litigation from conveying to his or her client information or documentation produced hereby; provided however, that in rendering such advice and otherwise communicating with the client, the client is instructed that the information or documentation should not be further disclosed if the disclosure is contrary to the terms of this Order.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or

in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal simply because they are covered by this discovery protective order.

SO ORDERED this 11 day of August, 2021.

Hon. Marc T. Treadwell
United States District Judge